GEORGE JACKSON MOORE v. STATE OF INDIANA.

[No. 1270S304. Filed January 6, 1972.]

*Bruce S. Cowen, Kenneth M. Waterman,* of Fort Wayne, for appellant.

*Theodore L. Sendak,* Attorney General, *David H. Kreider,* Deputy Attorney General, for appellee.

GIVAN, J.—Appellant was charged by affidavit with the crime of armed robbery. Trial by jury resulted in a verdict of guilty as charged and the fixing of a penalty of twenty years in the Indiana State Prison, the appellant being thirty years of age.[1]

We first note that the appellant has filed *pro se* what he has designated to be an amended brief in addition to the brief filed by a court appointed counsel. An examination of the so-called amended brief filed by appellant *pro se* discloses it to be without merit. Appellant attempts to raise questions concerning his pre-trial identification by the prosecuting witness, and

---

1. The affidavit in this case alleged the crime to have been committed on November 15, 1969. Appellant, therefore, comes under the provisions of Burns Ind. Stat., 1970 Supp., § 10-4709. This statute was amended by the Acts of 1969, Ch. 206, § 1. After the commission of the crime charged in this case, the statute was again amended by the Acts of 1971, P. L. 453, § 1, which is found in Burns Ind. Stat., 1971 Supp., § 10-4709.

alleged denial of right to counsel at his preliminary hearing. However, appellant's statements are not supported by the record in this case. We, therefore, will address ourselves to the adequate brief prepared by appellant's court appointed counsel.

It is first contended that the appellant's sentence was invalid in that the statute under which appellant was charged, Burns Ind. Stat., 1970 Supp., § 10-4709, is so worded as to first require the trial court to find the appellant guilty of the crime of robbery as defined in Burns Ind. Stat., 1956 Repl., § 10-4101, impose upon him the sentence therein required, then sentence him under § 10-4709. We do not agree with this contention . The commission of a felony while armed is a separate crime from the commission of the same felony while unarmed. This Court has previously held that robbery is a lesser included offense of armed robbery. *Dembowski* v. *State* (1968), 251 Ind. 250, 240 N. E. 2d 815, 15 Ind. Dec. 486.

As stated in *Dembowski, supra,* it is error for a defendant to be convicted of both the greater and the included offense stemming from the same action. Appellant's contention is thus opposed in principle to the existing law.

We have previously stated that a statute must be construed to prevent absurdity and hardship. *State* v. *Rice* (1956), 235 Ind. 423, 134 N. E. 2d 219. We cannot construe the intent of the legislature to be to place the courts in such an awkward position as that contended by the appellant. It was the obvious intent of the legislature to make the penalty for commission of a felony while armed bear a direct relationship to the commission of the same felony committed unarmed. We must interpret the statute so as to give operation to that intent. *Dunkle* v. *State* (1961), 241 Ind. 548, 173 N. E. 2d 657.

It is next contended that the sentence of twenty years imposed in this case exceeded the maximum allowed by the law. It is appellant's position that he could only be imprisoned for

a maximum of fifteen years under the terms of the statute in force at the time he was charged, which reads as follows:

"Any person who, being over sixteen years of age, commits or attempts to commit any felony while armed with any dangerous or deadly weapon, or while any other person is present and aiding or assisting in committing or attempting to commit such felony is armed with any dangerous or deadly weapon, shall be guilty of a separate felony and upon conviction shall be imprisoned for a determinate period of not less than one (1) nor more than fifteen (15) years if the penalty imposed upon the said felony is ten (10) years or less or; shall be imprisoned for a determinate period of not less than five (5) years nor more than thirty (30) years, if the penalty imposed upon the said felony is more than ten (10) years; Provided, however, That in the event the penalty imposed upon the said felony is greater than 30 years, then this act shall not apply. The penalty imposed by this act is to be fixed by the court or jury trying the case, which sentence the court shall not have the power to suspend: Provided, That such court shall have the right to provide in the judgment that such term of imprisonment shall not run concurrently with any imprisonment that may be adjudged for any additional crimes being attempted or committed at the same time but that such term of imprisonment shall commence at the expiration of the imprisonment adjudged for any such additional crimes." [Acts, 1969, Ch. 206, § 1, p. 771] (Burns Ind. Stat. § 10-4709).

Burns Ind. Stat. § 10-4101, *supra,* fixes the penalty for robbery as an indeterminate sentence of from ten to twenty-five years. Appellant argues that the penalty thus imposed for robbery should come under the ten years or less provision of the above quoted section of the statute. With this we do not agree.

This Court determined in *Dembowski* v. *State, supra,* that a penalty of ten to twenty-five years was more severe than a penalty of ten to twenty years. This principle of law has been followed in *MacTate* v. *State* (1971), 256 Ind. 55, 267 N. E. 2d 76, 24 Ind. Dec. 624; *McDougall* v. *State* (1970), 254 Ind. 62, 257 N. E. 2d 674, 21 Ind. Dec. 174.

The law is well established in Indiana that an indeterminate sentence is for the maximum time prescribed by the statute. *Hobbs* v. *State* (1969), 253 Ind. 195, 252 N. E. 2d 498, 19 Ind. Dec. 363; *Terry* v. *Byers* (1903), 161 Ind. 360, 68 N. E. 596. An indeterminate sentence of ten to twenty-five years prescribed in the robbery statute is a sentence for twenty-five years. This case comes under the penalty provided in the armed robbery statute for a determinate sentence of not less than five nor more than thirty years. The sentence of twenty years imposed in this case being within such limits is correct. *Boyd* v. *State* (1971), decided by this Court on the 2nd day of December, 1971, as yet unreported.

We, therefore, hold that in applying the standard set forth in Burns Ind. Stat. § 10-4709 the trial court shall impose sentences with reference to the maximum time provided for the separate felony when committed while unarmed.

The trial court is affirmed.

DeBruler, Hunter and Prentice, JJ., concur; Arterburn, C.J., concurs in result.

NOTE.—Reported in 276 N. E. 2d 840.