GEORGE JACKSON MOORE *v.* STATE OF INDIANA.

[No. 473S78. Filed June 18, 1974.]

*Harriette Bailey Conn,* Public Defender of Indiana, *Darrell F. Ellis,* Deputy Public Defender, for appellant.

*Theodore L. Sendak,* Attorney General, *Larry C. Gossett,* Deputy Attorney General, for appellee.

GIVAN, J.—This is an appeal from a denial of post-conviction relief. Appellant was originally convicted in June, 1970, of the crime of armed robbery. Subsequently this Court affirmed that conviction. See *Moore* v. *State* (1972), 257 Ind. 584, 276 N.E.2d 840, 28 Ind. Dec. 669. In that opinion at page 585 this Court stated:

"We first note that the appellant has filed *pro se* what he has designated to be an amended brief in addition to the brief filed by a court appointed counsel. An examination of the so-called amended brief filed by appellant *pro se* discloses it to be without merit. Appellant attempts to raise questions concerning his pre-trial identification by the prosecuting witness, and alleged denial of right to counsel at his preliminary hearing. However, appellant's statements are not supported by the record in this case. We, therefore, will address ourselves to the adequate brief prepared by appellant's court appointed counsel."

At the time the trial court made his findings of fact, he made the following statement concerning the Supreme Court decision:

"(2) That the court finds that the matters set out in Paragraphs 8 and 9 have been adjudicated by the decision of the Indiana Supreme Court in this matter adverse to the defendant herein."

The appellant now takes issue with the trial court's position. It is appellant's contention that by the statement by this Court that "appellant's statements are not supported by the record in this case," this Court held that the record was incomplete. We by no means meant to make any such statement. The record was complete and adequate in the prior case decided by this Court. So far as appellant's allegations addressed to that record were con-

cerned, we held then, as we hold now, that those allegations were without merit.

Appellant did attempt to raise other matters which were not in the record, but which were without merit as being outside the issues at the time of his original appeal. For example, in Paragraph 8 of his petition for post-conviction relief, he attacked the legality of the extradition proceedings in California which resulted in his return to the State of Indiana to face the charge of armed robbery. His extradition from California was a matter which was adjudicated in that state. His return to Indiana and his physical presence in court at the time of his trial cannot be deemed a denial of due process of law in this State and will not be considered as affecting his trial in this State so long as the record, as it does in this case, discloses due process as far as the charges against appellant are concerned. 14 I.L.E., *Extradition*, § 1.

In his petition for post-conviction relief, appellant also sought to challenge his appearance in Municipal Court and to question alleged denial of counsel at a preliminary hearing. These matters were also beyond the scope of inquiry at the time of his original appeal, unless it can be clearly demonstrated that such irregularities, if they, in fact, did occur, in some way resulted in denial of due process at the trial level. The record in this case affirmatively discloses that due process was had at the trial level. Appellant does not even make an attempt to demonstrate to this Court in what manner these alleged irregularities prejudiced his right to due process. See 9 I.L.E., *Criminal Law*, § 884. The findings of fact and conclusions of law entered by the trial court in this cause are supported by the record.

The trial court is, therefore, affirmed.

Arterburn, C.J., and Hunter and Prentice, JJ., concur; DeBruler, J., dissents without opinion.

NOTE.—Reported at 312 N.E.2d 485.