KENNETH WOLFE *v.* STATE OF INDIANA.

[No. 2-1075A304. Filed April 28, 1977. Transfer denied July 20, 1977.]

*Harriette Bailey Conn (Mrs.)*, Public Defender of Indiana, *Carr L. Darden, Sr.*, Deputy Public Defender, for appellant.

*Theodore L. Sendak*, Attorney General, *Wesley T. Wilson*, Deputy Attorney General, for appellee.

### ON PETITION FOR REHEARING

### CASE SUMMARY

BUCHANAN, P.J.—Kenneth Wolfe (Wolfe) challenges our decision dismissing his appeal on jurisdictional grounds, claiming we should have considered the appeal on its merits, i.e., whether he should have been granted the right to elect a determinate sentence instead of receiving an indeterminate sentence because the penalty for rape was changed between the trial date and sentencing date.

We now grant Wolfe's Petition for Rehearing and decide the appeal on its merits.

We affirm the judgment.

### PREVIOUS PROCEEDINGS

In a Memorandum Decision handed down October 4, 1976, we dismissed Wolfe's appeal on the basis that this court was without jursdiction because Wolfe's Motion to Correct Errors

was filed on the sixty-first (61st) day following judgment. Wolfe responded with a Petition for Certiorari claiming that his Motion to Correct Errors was timely filed by certified mail as permitted by Trial Rule 5(E) and that Marion Criminal Court, Division Four, had mismarked the record.

On November 15, 1976, we remanded the cause to the Marion Criminal Court for a hearing to determine the true filing date of Wolfe's Motion to Correct Errors. The criminal court determined that Wolfe's Motion to Correct Errors had indeed been timely filed in accordance with TR. 5(E) and entered a *nunc pro tunc* order correcting its records to that effect on February 9, 1977.

Thus we turn to the merits.

## FACTS

The salient facts supporting the judgment are:

On January 18, 1974, Wolfe pleaded guilty to rape. On that date, the sentence for a conviction of rape was an *indeterminate* period of not less than two (2) years nor more than twenty-one (21) years.[1]

On the same day Wolfe pleaded guilty, he petitioned the court for examination as a possible criminal sexual deviant.[2]

During the period of time which the criminal sexual deviancy proceedings were pending, the Indiana General Assembly amended the rape statute, Indiana Code section 35-13-4-3, and changed the possible sentence from an indeterminate period to a *determinate* period of not less than two (2) years nor more than twenty-one (21) years—to be effective February 15, 1974 (almost a month after Wolfe had pleaded guilty).

Ultimately it was determined that Wolfe was not a sociopathic sexual deviant, and he was sentenced to prison on

---

1. See Ch. 148, § 3, [1941] Ind. Acts 447 (once codified as Ind. Ann. Stat. § 10-4201 (Burns), IC 1971, § 35-13-4-3 (Burns)).
2. See IND. CODE §§ 35-11-3.1-1 to -33.

October 4, 1974, for a period of two (2) to twenty-one (21) years—all parties agreeing this sentence was indeterminate.

Five months later, on March 27, 1975, Wolfe filed a petition for post-conviction relief, requesting the court to correct its sentence as erroneous, and to sentence him to a *determinate* period of two (2) to twenty-one (21) years. At the PCR hearing on May 28, 1975, he further asked that he be given a flat two (2) year sentence to correct the error.[3] All relief sought was denied.

## ISSUE

The sole issue for our determination here is:

Did the trial court erroneously sentence Wolfe by using the statute in force at the time of his conviction instead of the amended statute in force at his sentencing?

PARTIES CONTENTIONS: Wolfe basically contends that when the sentencing provision of a statute is amended between the time of conviction and the time of sentencing, and the amendment is amelioratory, a defendant should be given the opportunity to elect under which law he is to be sentenced. Also, that once this election is denied, the only equitable result is to give the defendant the minimum determinate sentence possible—two (2) years in this case.

The State counters that Wolfe's proposition of permitting a defendant to make an election between two sentences is absurd. Even if the election concept is permitted, the State contends the legislature did not intend the amendment to be amelioratory.

## DECISION

CONCLUSION—The trial court properly sentenced Wolfe in using the statute in force at the time of his guilty plea (conviction) rather than a subsequently amended statute in force at the time of his sentencing.

---

3. See IND. CODE § 35-8-5-1 which provides for the minimum determinate sentence if a defendant has erroneously been sentenced to an indeterminate period.

Judge Staton, in *Dowdell* v. *State*,[4] succinctly analyzed the relevant law of sentencing:

> The general rule is that the law in effect at the time the crime was committed is controlling. This rule is constitutionally required in the case that a penalty is increased *expost facto* by amendment after the commission of the crime. An exception to the general rule is recognized, in other jurisdictions and at least in dicta in previous Indiana cases, when punishment is lessened by amendment after the commission of the crime.[5]

Even more specific in *Dowdell* is language indicating that this court would permit a defendant to be sentenced under a statute amended between the commission of the crime and the sentence *if it is truly amelioratory:*

> If the legislature had enacted an ameliorative amendment, the application of which would be constitutionally permissible to persons who had committed the crime prior to its effective date, we would be willing to find a statement of legislative intent to apply the sentencing provisions of that ameliorative statute to all persons to whom such application would be possible and constitutional. Article I, section 18, of the Indiana Constitution provides: "The penal code shall be founded on the principles of reformation, and not of vindictive justice." If there is an express statement by the legislature that its former penalty was too severe and that a lighter punishment is proper as punishment for the commission of the proscribed act, then to hold that the more severe penalty should apply would serve no purpose other than to satisfy a constitutionally impermissible desire for vindictive justice. We could not ascribe to the legislature an intent to punish for vindictive purposes.[6]

However, the amendment before us, taken as a whole, is not amelioratory. The 1974 amendment changing the sentence from indeterminate to determinate appears to express a legislative intent that rapists be sent to prison and that they remain there for a longer and more definite period of time than in the past.

---

4. (1975), 166 Ind. App. 395, 336 N.E.2d 699.
5. *Id.* at 399, 336 N.E.2d at 701 (citations omitted).
6. *Id.* at 401, 336 N.E.2d at 702 n.8.

First, the total years of possible confinement was not reduced. Instead, the term of imprisonment was made definite, implying an overall objective of longer terms of imprisonment.[7]

Secondly, the legislature not only intended that rapists receive a definite and longer period of incarceration but contemplated that the rapists would actually serve time. To this effect the following sentence was added:

> Upon the conviction of a person for the carnal knowledge of a woman forcibly against her will, sentence shall neither be withheld by the court nor suspended by the court.[8]

In this same vein, the General Assembly also intended that the rapists not escape prison by being declared sexual deviants

---

7. This objective is borne out by analyzing the parole and good time statutes. Indiana Code section 11-1-1-9.1 defines eligibility for parole:

> Every *prisoner sentenced* upon conviction of a felony *to an indeterminate term* of imprisonment in a correctional institution *shall be eligible for release on parole upon completion of his minimum term.* Every *prisoner sentenced* upon conviction of a felony *to a determinate term* of imprisonment in a correctional institution *shall be eligible for release on parole upon completion of one-half (½) of his determinate term* or at the expiration of twenty (20) years, whichever comes first. (emphasis added) ;

and Indiana Code section 11-7-6.1-2 deals with the rate of good time diminution: it applies to both the inmate's discharge date and parole eligibility date, with 30 days good time credit being given for every month served under the most favorable classification.

Thus, as determinate sentences pass the breaking point of four years, an inmate will have to serve more time in order to be eligible for parole under the most favorable circumstances:

eligibility for parole under indeterminate sentence of two to twenty-one years

2 yr. (eligible upon completion of minimum term) ÷ ½ (effect of good time statute) = 1 yr. (possible parole eligibility after incarceration)

eligibility for parole under determinate sentence of 4 years

4 yr. (sentence) ÷ ½ (eligible for parole upon completion of ½ of sentence) = 2 ÷ ½ (effect of good time statute) = 1 yr. (possible parole eligibility after incarceration).

Wolfe can make no claim under the narrow amelioratory possibilities of the amended statute. There is no indication Wolfe would ever have received a determinate sentence of less than four (4) years if the new statute had been utilized. Because the trial judge would have had discretion in choosing a determinate sentence from the entire range, we cannot say as a matter of law Wolfe would have been entitled to any possible amelioratory effects. Therefore, we are not compelled to find its application would have been amelioratory in his case.

8. Pub. L. No. 149, § 1, [1974] Ind. Acts 634; now part of IND. CODE § 35-13-4-3.

and thereby receiving alternative treatment. The statutes on Criminal Sexual Deviancy were amended by adding a new section:

> A petition may *not* be made pursuant to Section 3 [examination as a possible criminal sexual deviant] of this chapter if the person has been convicted of rape committed by force, violence or coercion.[9]

As the overall import to the amended rape statute was to harshen the penalty and not to be ameliorative (Wolfe not being entitled as a matter of law to any possible amelioratory applications of the statute even if applied), there is no basis for Wolfe's position that he should have been sentenced under the new (amended) statute. Thus, because he had no right to a determinate sentence and was not improperly sentenced, he has no claim to the corrective measures of Indiana Code section 35-8-5-1.[10] His sentence is therefore determined by the general rule that the law in effect at the time the crime was committed is controlling.

The trial court properly sentenced Wolfe to a two (2) to twenty-one (21) year indeterminate sentence under the law in effect at the time the rape was committed and the guilty plea entered.

Affirmed.

Robertson, C.J., concurs; Sullivan, J., concurs with separate opinion in result only.

---

9. *Id.* § 2, now IND. CODE § 35-11-3.1-2.1 (emphasis added).

10. This section provides in pertinent part:

[I]f through oversight, mistake or otherwise any defendant convicted of a crime who shall be or shall have been sentenced to any penal institution of this state for an indeterminate period of time for any offense for which he should have been sentenced for a determinate period of time within certain minimum and maximum limits, such sentence shall not be void, but, notwithstanding the sentence so imposed, the defendant shall be deemed to be sentenced for a determinate period of time fixed and determined by and equal to the minimum term as prescribed in the act in accordance with the terms of which he should have been sentenced.

IND. CODE § 35-8-5-1.

## Concurring Opinion

SULLIVAN, J.—The result reached is, in my view, correct. It is reached, however, in derogation of the traditional view of the indeterminate sentence law. The thrust of the majority opinion emphasizes the minimum time to be served under an indeterminate sentence and accordingly places significance upon that minimum period of incarceration vis a vis the legislative intent inferred from the amendment of IC 35-13-4-3.

Binding case precedent does not permit us to consider an indeterminate sentence in terms of the minimum period of incarceration. We are compelled to view an indeterminate sentence as a sentence for the maximum period. *Moore* v. *State* (1972), 257 Ind. 584, 276 N.E.2d 840; *Hobbs* v. *State* (1969), 253 Ind. 195, 252 N.E.2d 498.

This precedential compulsion, however, does not preclude by concurrence. I concur because the statutory amendment here involved does not, *in context,* provide such ameliorative effect as to require us to say, as a matter of law, that Wolfe is entitled to a two year determinate sentence, whether pursuant to IC 35-8-5-1, or otherwise.

NOTE.—Reported at 362 N.E.2d 188.