STATE of Indiana, Appellant-Plaintiff,

v.

Norval PICKETT, Jr.,
Appellee-Defendant.

No. 1–780A165.

Court of Appeals of Indiana,
First District.

July 27, 1981.

Theodore L. Sendak, Atty. Gen., Charles D. Rodgers, Elmer Lloyd Whitmer, Deputy Attys. Gen., Indianapolis, for appellant-plaintiff.

George N. Craig, Craig & Craig, Brazil, Hansford C. Mann, Mann, Chaney, Johnson, Hicks & Goodwin, Terre Haute, for appellee-defendant.

RATLIFF, Judge.

## STATEMENT OF THE CASE

The appellant State of Indiana brings this appeal from the Clay Circuit Court's dismissal of an information charging appellee Norval Pickett, Jr., with malconduct, misfeasance, and official misconduct as Mayor of the City of Brazil, Indiana. We affirm.

## STATEMENT OF THE FACTS

On October 2, 1979, an information was filed in the Clay Circuit Court which read, in relevant part, as follows:

### "INFORMATION: OFFICIAL MISCONDUCT

"Wesley E. Wampler, being duly sworn upon his oath says that Norval Pickett, Jr., defendant herein, on December 31, 1977, and subsequent thereto, as Mayor of the City of Brazil in said county, willfully, knowingly and intentionally failed in his duty as Mayor to enforce or cause to be enforced the ordinance of said City requiring payment of fees for parking on the public streets of said City, through deposit of coins in parking meters, by ordering and discontinuance of inspection of said parking meters and the enforcement of City Ordinance # 7–1948, said failure of enforcement causing loss in revenue to said City as revealed in the audit report of the State Board of Accounts filed on August 4, 1978, which duty of enforcement is imposed on defendant by statutes of Indiana (I.C. 18–1–6–2; I.C. 18–1–1.5–27 and I.C. 18–1–2–2) and which failure of said duty was malconduct, misfeasance and official misconduct. Contrary to the form of the Statute in such cases made and provided, and against the peace and dignity of the State of Indiana."

The trial court sustained Pickett's motion to dismiss the information, and on February 28, 1980, the court filed these findings:

### "FINDINGS AND ENTRY

"The Court, having had the defendant's Motion to Dismiss under advisement and being advised does now find:

1. That the Information filed herein does not state facts sufficient to constitute a criminal offense.

2. The wilful, knowing and intentional failure to enforce an ordinance is as a matter of law, not official misconduct, under the circumstances alleged in the Information.

3. The failure to enforce a parking meter ordinance as referred to in the Information does not constitute malconduct, misfeasance or official misconduct.

"Accordingly, the Court does now sustain defendant's Motion to Dismiss, and this cause is ordered dismissed."

The state thereafter filed a motion to correct errors, which was overruled on April 3, 1980.

## STATEMENT OF THE ISSUES [1]

■ 1. Whether the trial court erred in dismissing the information on the ground that the information failed to state facts sufficient to constitute a criminal offense.

2. Whether the trial court erred in dismissing the information on the ground that the wilful, knowing, and intentional failure to enforce an ordinance is, as a matter of law, not official misconduct under the circumstances alleged in the information.

3. Whether the trial court erred in determining that the failure to enforce a

---

[1] Pickett filed a motion to dismiss this appeal for mootness, which this court denied. Prior to July 1, 1978, Ind.Code 18–1–20–4 provided that a mayor or other city or town officer who is guilty of oppression, malconduct, or misfeasance in discharging his duties upon conviction shall be fined not more than $1,000 and shall be removed from office. Effective July 1, 1978, IC 18–1–20–4 was amended to provide that a mayor or other city or town officer who is convicted of bribery or official misconduct shall be removed from office. Indiana Code 18–1–20–4 was later repealed, effective April 1, 1980. Pickett maintained that, according to *Lewandowski v. State*, (1979) Ind., 389 N.E.2d 706; *Maynard v. State*, (1977) Ind.App., 367 N.E.2d 5; and *Wolfe v. State*, (1977) 173 Ind.App. 27, 362 N.E.2d 188, *trans. den.*, if he were convicted he would have to be sentenced under the penalty provision in effect at the time of conviction and sentencing rather than at the time of the commission of the offense. He argued this case is moot, because, inasmuch as he is no longer mayor, he cannot suffer the penalty which is provided in the amended version of IC 18–1–20–4, removal from office.

The cases cited by Pickett deal with the issue of whether an amendment of a sentencing provision which takes effect between the time of the commission of the offense and the sentencing is ameliorative and must be applied in sentencing the defendant. The amendment of IC 18–1–20–4 does not indicate an intent on the part of the General Assembly merely to lessen the penalty. Rather, that amendment transformed IC 18–1–20–4 into a provision for a penalty additional to those imposed for bribery or official misconduct; as of July 1, 1978, IC 18–1–20–4 no longer defined or proscribed any offense. Indiana Code 35–44–1–1 (Supp.1980) defines and proscribes bribery and classifies it as a class C felony. Indiana Code 35–44–1–2

(Supp.1980) defines and proscribes official misconduct and classifies it as a class A misdemeanor. Because the amendment of IC 18–1–20–4 was not ameliorative, the general savings provision, Ind.Code 1–1–5–1, applies, preserving the penalty provided by IC 18–1–20–4 prior to amendment, even though IC 1–1–5–1 speaks in terms of the repeal rather than the amendment of statutes. *See Heath v. State*, (1910) 173 Ind. 296, 90 N.E. 310. Further, the general rule is that the law in effect at the time of the commission of the crime controls sentencing. *Jackson v. State*, (1971) 257 Ind. 477, 275 N.E.2d 538; *Dowdell v. State*, (1975) 166 Ind. App. 395, 336 N.E.2d 699, *trans. denied* (1976).

Consequently, Pickett's alleged malconduct and misfeasance prior to July 1, 1978, is subject to IC 18–1–20–4 as it read prior to the 1978 amendment, including the provision for a fine of not more than $1,000. As to any alleged malconduct and misfeasance from July 1, 1978, to October 2, 1979, the date on which the information was filed, an attempt to prosecute Pickett under IC 18–1–20–4 would be invalid. Malconduct and misfeasance were no longer defined as offenses, and the penalty, removal from office, would no longer be applicable to Pickett, assuming that he, in fact, is no longer in office.

Furthermore, because the information also purports to charge Pickett with official misconduct, the penalty for class A misdemeanors would apply. That penalty is a prison sentence of not more than one year and a fine of not more than $5,000. Ind.Code 35–50–3–2 (Supp. 1980).

Therefore, because there are penalties other than removal from office which could be applied to Pickett upon conviction, the state's appeal in this case is not moot.

parking meter ordinance does not constitute malconduct, misfeasance, or official misconduct.

## DISCUSSION AND DECISION

The state cites a pair of statutory provisions which, it implies, establish a duty on the part of a mayor to enforce city ordinances.[2] One of those provisions, Ind.Code 18–1–2–2,[3] is of no assistance to the state here, because it simply prescribes that an officer of a city *shall take an oath* that he will support the constitutions of the United States and Indiana "and that he will faithfully discharge all his official duties . . . ." The state also cites the following portions of Ind.Code 18–1–6–2[4]:

"18–1–6–2  Mayoral duties

"Sec. 2.  It shall be the duty of the mayor:

"First.  To cause the ordinances of the city and the laws of the state to be executed and enforced.

\*     \*     \*     \*     \*     \*

"Fifth.  To perform such duties of an executive or administrative character as may be prescribed by law; and to exercise general supervision over subordinate officers and be responsible for the good order and efficient government of the city."

The state asserts that on the date of the offense as alleged in the information, there were two statutory provisions making the violation of the official duties of mayor a crime, Ind.Code 18–1–20–4[5] and Ind.Code 35–44–1–2 (Supp.1980).[6]  The state contends that the information stated facts sufficient to constitute an offense under both of these sections.

The first of those provisions read as follows until July 1, 1978:

"18–1–20–4  Oppression, malconduct or misfeasance in office;  penalties

"Sec. 4.  In case the mayor or other officer of any city or town shall wilfully or corruptly be guilty of oppression, malconduct or misfeasance in the discharge of the duties of his office, he shall be liable to be prosecuted by indictment or affidavit in any court of competent jurisdiction, and, on conviction, shall be fined not exceeding one thousand dollars ($1,000), and the court in which such conviction shall be had shall enter an order removing him from office."

The state also maintains that Ind.Code 35–41–2–1(a) (Supp.1980) provides that an omission to act constitutes an offense. However, the state's reference is to IC 35–41–2–1(a) as it reads subsequent to an amendment which took effect July 1, 1978. From October 1, 1977, through June 30, 1978, IC 35–41–2–1(a) (West's A.I.C.) provided as follows:

"35–41–2–1  Voluntary Conduct

"Sec. 1.  (a) A person commits an offense only if he voluntarily engages in conduct in violation of the statute defining the offense.  However, a person who omits to perform an act commits an offense *only if the statute defining the offense imposes a duty on him to perform the act.*"  (Our emphasis.)

The emphasized language in the second sentence of IC 35–41–2–1(a) represented a significant departure from the common law rule, as one author has said:

2.  Although the state does not in its brief cite Ind.Code 18–1–1.5–27 (Supp.1980) (repealed effective September 1, 1981; for new law see Ind.Code 36–4–4–3), the information cites that section as a basis for such a duty.  However, IC 18–1–1.5–27 is simply a general pronouncement that the mayor, various other city officials, and city departments or agencies created by statute or ordinance shall exercise or perform all executive or administrative powers or duties of a city, and it is not specific enough to impose a duty upon a mayor to enforce any particular ordinance.

3.  Repealed effective April 1, 1980.

4.  Repealed effective September 1, 1981.

5.  This section has been amended significantly since the commission of the alleged offense and was repealed effective April 1, 1980.  Note 1, *supra*.  For current law see Ind.Code 35–50–5–1 (Supp.1980).

6.  Amended effective September 1, 1981.

"Prior to 1978, the omission section stated that a person who did not act committed an offense only if the statute defining the offense imposed a duty of performance. This section limited severely the common law doctrine of legal duty to act. The common law imposed a duty in four general categories: (1) Where the duty was expressly provided by statute; (2) where the duty arose from a legal relationship; (3) where the duty sprung from a factual situation, or (4) where the duty was imposed by contract. The 1978 amendment corrects the defect by providing that a person who omits to perform an act commits an offense only if he has a statutory, common law, or contractual duty of performance." (Footnotes omitted.)

Good, *VII. Criminal Law and Procedure, Survey of Recent Developments in Indiana Law*, 12 Ind.L.Rev. 116, 140–41 (1979).

■ With regard to the omission to act, IC 35–41–2–1(a) from October 1, 1977, through June 30, 1978, expressly required that the statute defining the offense also be the statute which imposed the duty to perform an act. However, in the case at bar the state relies upon IC 18–1–6–2 for the duty and upon IC 18–1–20–4 for the definition of the offense. Thus, from the inception of Pickett's alleged failure to enforce the parking meter ordinance through June 30, 1978, IC 18–1–20–4 was not a sufficient basis upon which to charge Pickett, because that statute did not contain both the duty to act and the definition of the offense.

After June 30, 1978, any alleged omission by Pickett to fulfill a duty to act could not be prosecuted as malconduct and misfeasance, because malconduct and misfeasance were no longer defined as punishable offenses by IC 18–1–20–4.[7]

■ The other statute which the state contends makes punishable Pickett's alleged failure to enforce the ordinance is IC 35–44–1–2, which at all times pertinent to this case provided as follows:

"35–44–1–2 Official misconduct

"*Text as amended by Acts 1977, P.L. 340, SEC. 54, effective until September 1, 1981*

"Sec. 2. A public servant who:

(1) knowingly or intentionally performs an act that he is forbidden by law to perform;

(2) performs an act he is not authorized by law to perform, with intent to obtain any property for himself;

(3) knowingly or intentionally solicits, accepts, or agrees to accept from his appointee or employee any property other than what he is authorized by law to accept as a condition of continued employment; or

(4) knowingly or intentionally acquires, or divests himself of, a pecuniary interest in any property, transaction, or enterprise, or aids another person to do so, based on information obtained by virtue of his office that official action that has not been made public is contemplated; commits official misconduct, a Class A misdemeanor."

Subsection (1) is the provision upon which the state relies. That subsection prohibits the knowing or intentional *performance* of an act which the public servant is *forbidden by law* to perform. The information charges Pickett with the wilful, knowing, and intentional *failure* to enforce or to cause to be enforced the parking meter ordinance by *ordering* that the inspection of the parking meters and the enforcement of the ordinance be discontinued. Clearly, by itself the allegation that Pickett failed to enforce or cause to be enforced the ordinance would not state a crime under IC 35–44–1–2(1), because such failure would not constitute the performance of an act forbidden by law. The question remains whether the allegation that Pickett's alleged failure was accomplished by his ordering the discontinuance of the inspection of the meters and the enforcement of the ordinance sufficiently charged the performance of an act forbidden by law. We think not. Pickett's duty to cause city ordinances to be executed and enforced is stated as a *re-*

7. See note 1, *supra.*

*quirement* that an act be performed, IC 18–1–6–2, rather than as a *prohibition* of the performance of an act, as contemplated by IC 35–44–1–2(1). Consequently, the allegation that Pickett ordered the discontinuance of the inspection of the parking meters and the enforcement of the ordinance does not bring the allegation that he failed to perform a duty within the ambit of IC 35–44–1–2(1).

Further, IC 35–41–2–1(a) does not expand the scope of IC 35–44–1–2(1) for the purposes of the case at bar. Prior to the July 1, 1978, amendment of IC 35–41–2–1(a), the language of that subsection dealing with the omission to act required that the statute defining the offense also impose the duty to act in order for an omission to be an offense. Like IC 18–1–20–4, IC 35–44–1–2(1) does not impose a duty to act. Since the 1978 amendment, IC 35–41–2–1(a) (Supp.1980) has provided as follows:

"35–41–2–1 Voluntary conduct

"Sec. 1. (a) A person commits an offense only if he voluntarily engages in conduct in violation of the statute defining the offense. However, a person who omits to perform an act commits an offense only if he has a statutory, common law, or contractual duty to perform the act."

The amendment of IC 35–41–2–1(a) still does not make IC 35–44–1–2(1) applicable to the information here, because IC 35–41–2–1 does not make the omission to perform an act an offense but merely specifies under what circumstances an omission to act may be made punishable.

The state cites Ind.Code 35–41–1–1(5) for the proposition that a person may be convicted of an offense if the offense consists of the omission to perform a duty imposed by statute. However, that subsection pertains to the jurisdiction of Indiana law over offenses consisting of an omission to perform a duty. It does not, in itself, define any particular offense.

Accordingly, the trial court correctly determined that the information does not state facts sufficient to constitute a criminal offense and that the information should be dismissed. Ind.Code 35–3.1–1–4(a)(9) (Supp.1980).

Judgment affirmed.

ROBERTSON and SHIELDS (by designation), JJ., concur.