Dale Curtis THOMAS, Appellant,

v.

STATE of Indiana, Appellee.

No. 981S248.

Supreme Court of Indiana.

Oct. 4, 1982.

---

Susan K. Carpenter, Public Defender, Paul Levy, Deputy Public Defender, Indianapolis, for appellant.

Linley E. Pearson, Atty. Gen., Gordon R. Medlicott, Deputy Atty. Gen., Indianapolis, for appellee.

DeBRULER, Justice.

This is an appeal from the denial of a petition for post-conviction relief in which the petitioner sought to have his conviction for commission of a felony while armed, to-wit: voluntary manslaughter set aside. The issue raised by petitioner on appeal is whether his conviction is a nullity because the inclusion of voluntary manslaughter within the felonies encompassed by Ind. Code § 35–12–1–1 (repealed 1977) would produce an absurdity not intended by the Legislature.

Petitioner's conviction stemmed from the November 12, 1976 stabbing death of a fellow inmate at the Indiana State Prison. One year after his initial plea of not guilty to a charge of first degree murder, petitioner agreed to plead guilty to the charge of commission of a felony while armed, to-wit: voluntary manslaughter. He was sentenced to a determinate term of fifteen years pursuant to the plea agreement.

Petitioner asserts that his conviction is a nullity because there is no logical and direct relationship between the armed felony statute and the voluntary manslaughter statute. Indiana Code § 35–12–1–1 states in relevant part:

"Any person who being over sixteen [16] years of age, commits or attempts to commit any felony while armed with any dangerous or deadly weapon, or while any other person is present and aiding or assisting in committing or attempting to commit such felony is armed with any dangerous or deadly weapon, shall be guilty of a separate felony and upon conviction shall be imprisoned for [a] determinate period of not less than ten [10] years nor more than thirty [30] years."

As originally enacted, the statute specifically designated rape, robbery, bank robbery, petit larceny and grand larceny as the underlying crimes to which the statute would be applied. A 1969 amendment replaced these enumerated crimes with the phrase "any felony". Petitioner contends, however, that the Legislature did not intend to include all felonies and points to *Coleman v. State,* (1975) 264 Ind. 64, 339 N.E.2d 51, and *Moon v. State,* (1977) 267 Ind. 27, 366 N.E.2d 1168, in which it was held that kidnapping was not a felony encompassed within the armed felony statute.

In *Coleman,* the penalty for kidnapping under Ind.Code § 35–1–55–1 (repealed 1977) was determined to be life imprisonment while the penalty imposed for armed kidnapping under Ind. Code § 35–12–1–1 was found to be a thirty-year sentence. This Court noted that the "relationship intended to be established by the statute was that a greater penalty should be assessed for armed felonies than for unarmed ones." *Coleman,* 264 Ind. at 71, 339 N.E.2d at 56. Thus, to avoid the absurdity of assessing a lesser penalty for armed kidnapping than for unarmed kidnapping, it was held that kidnapping was not a felony included within the ambit of the armed felony statute.

In the instant case, however, the penalty for voluntary manslaughter while armed with a dangerous or deadly weapon was greater than the penalty for an unarmed voluntary manslaughter. Thus, there is a greater penalty for committing this felony while armed than for committing the same felony while unarmed, and the legislative purpose of making a felony a more serious offense when committed while armed with a dangerous or deadly weapon is effectuated.

Petitioner contends that the inclusion of voluntary manslaughter within the meaning of "any felony" results in an absurdity because the statute creating the armed felony offense was intended to account for the added potential for harm when a crime is committed with a weapon. As the factor of potential or actual harm is already punished by the crime of voluntary manslaughter, petitioner argues, the application of the armed felony statute results in an absurdity not intended by the Legislature.

As we recognized in *Walton v. State,* (1980) Ind., 398 N.E.2d 667, however, a deadly weapon does create a potential for harm not otherwise present. The possibility of harm to passerby and to police officers is apparent and real.

"It is reasonable to assume that one who arms himself prior to undertaking criminal activity is likely to use the weapon, if it enhances his chances, either to achieve his criminal goal or to avert detection or apprehension." 398 N.E.2d at 671.

Therefore, there is a logical and direct relationship between the armed felony statute and the voluntary manslaughter statute with a greater penalty imposed for committing a felony while armed because of the possibility for certain types of harm not otherwise present. The purpose of the armed felony statute was not frustrated or made absurd by the inclusion of voluntary manslaughter in the "any felony" designation of Ind. Code § 35–12–1–1. Petitioner was not sentenced for a nonexistent crime, and his conviction is affirmed.

GIVAN, C. J., and HUNTER, PRENTICE and PIVARNIK, JJ., concur.