Michael WEATHERFORD,
Appellant–Defendant,

v.

STATE of Indiana, Appellee–Plaintiff.

No. 79A02–9504–PC–196.

Court of Appeals of Indiana.

Aug. 25, 1995.

Mathew S. Sandy, Heide Sandy Deets Kennedy & Antalis, Lafayette, for appellant.

Pamela Carter, Attorney General, James A. Joven, Deputy Attorney General, Indianapolis, for appellee.

## OPINION

KIRSCH, Judge.

Michael Weatherford was convicted of unlawful dealing in a controlled substance [1] and of being an habitual criminal.[2] He appeals the denial of his Motion To Correct Erroneous Sentence, contending that the trial court erred in sentencing him to a term of life imprisonment under IC 35–8–8–1, rather than a term of thirty years under IC 35–50–2–8.

We affirm.

1. *See* IC 35–24.1–4.1–2 (1975 Supp.).

2. *See* IC 35–8–8–1 (1976 Ed.).

## FACTS AND PROCEDURAL HISTORY

Weatherford's convictions resulted from the delivery of controlled substances on November 17, 1975 and November 28, 1975. Following a jury trial held on December 8, 1978, Weatherford was found guilty of unlawful dealing in a controlled substance and of being an habitual criminal. Weatherford was sentenced to life imprisonment under IC 35–8–8–1 for his habitual offender conviction on December 19, 1978.

Effective October 1, 1977, IC 35–8–8–1 ("old statute") was amended and re-codified as IC 35–50–2–8 ("new statute").[3] The old statute provided:

"Every person who, after having been twice convicted, sentenced and imprisoned in some penal institution for felony, whether committed heretofore or hereafter, and whether committed in this state or elsewhere within the limits of the United States of America, shall be convicted in any circuit or criminal court in this state for a felony hereafter committed, shall be deemed and taken to be an habitual criminal, and he or she shall be sentenced to imprisonment in the state prison for and during his or her life."

Under the new statute, however:

"(a) The state may seek to have a person sentenced as an habitual offender for any felony by alleging, on a page separate from the rest of the charging instrument, that the person has accumulated two (2) prior unrelated felony convictions. A person found to be an habitual offender shall be imprisoned for an additional fixed term of thirty (30) years, to be added to the term of imprisonment imposed under section 3, 4, 5, 6, or 7 of this chapter."

Weatherford filed a Motion to Correct Erroneous Sentence on November 2, 1994, asserting that the trial court erred in sentencing him under the old statute. After a hearing, the trial court denied the motion.

## DISCUSSION AND DECISION

Weatherford argues that the trial court erred by sentencing him under the old statute rather than under the new statute which provided for a lesser sentence. He contends that sentencing under the new statute was required under the "doctrine of amelioration." According to Weatherford, when the trial court sentenced him under the old statute, it violated Article I, Section 18 of the Indiana Constitution, which states: "The penal code shall be founded on the principles of reformation, and not of vindictive justice."

In support of his argument, Weatherford relies on *Wolfe v. State* (1977), 173 Ind.App. 27, 362 N.E.2d 188, where we said:

"If there is an express statement by the legislature that its former penalty was too severe and that a lighter punishment is proper as punishment for the commission of the proscribed act, then to hold that the more severe penalty should apply would serve no purpose other than to satisfy a constitutionally impermissible desire for vindictive justice. We could not ascribe to the legislature an intent to punish for vindictive purposes."

*Id.* at 31, 362 N.E.2d at 190 (quoting *Dowdell v. State* (1975), 166 Ind.App. 395, 401–402 n. 8, 336 N.E.2d 699, 702 n. 8). Weatherford asserts that the doctrine of amelioration is based on constitutional principles, so that even if the legislature provided a saving clause and intended the new statute to apply prospectively, it would be unconstitutional to do so.

 Weatherford's argument, however, is misguided. As a general rule, the law in effect when the crime was committed controls sentencing. *Rowold v. State* (1994), Ind.App., 629 N.E.2d 1285, 1288. Under the doctrine of amelioration, when the penalty for a crime is decreased by an ameliorative amendment enacted after the commission of the crime but prior to the defendant's sentencing, the defendant may take advantage of the ameliorative statute. *Id.* The doctrine of amelioration *does not* apply, however, where the legislature, in a specific saving clause expressly states an intention that

3. 1976 Ind.Acts, Pub.L. No. 148, § 8; 1977 Ind. Acts, Pub.L. No. 340, § 117.

crimes committed before the effective date of the ameliorative amendment should be prosecuted under prior law. *Vicory v. State* (1980), 272 Ind. 683, 685, 400 N.E.2d 1380, 1381. Furthermore:

> "The adoption of a new [statute] as a better means of serving the constitutional purpose of our penal system does not mean that prior law did not serve that purpose. Therefore, the application of prior law to those who committed crimes and were convicted and sentenced under that prior law does not constitute vindictive justice."

*Id.* at 687, 400 N.E.2d at 1382–83.

 Here, the legislature expressly provided:

> "SECTION 150.
>
> (a) Neither this act nor Acts 1976, P.L. 148 affects:
>
> (1) rights or liabilities accrued;
>
> (2) penalties incurred; or
>
> (3) proceedings begun;
>
> before October 1, 1977. Those rights, liabilities, and proceedings are continued, and penalties shall be imposed and enforced as if this act and Acts 1976, P.L. 148 had not been enacted.
>
> (b) An offense committed before October 1, 1977, under a law repealed by Acts 1976, P.L. 148 shall be prosecuted and remains punishable under the repealed law."

1977 Ind.Acts, Pub.L. No. 340, § 150 (effective October 1, 1977). Weatherford's offense was committed in November of 1975. Although his conviction and subsequent sentencing occurred after the new statute became effective, the old crime and penalty were expressly "saved" by the legislature. *See Springer v. State* (1979), 271 Ind. 350, 356–57, 393 N.E.2d 131, 135. The legislature did not expressly state that the former punishment was too severe. Therefore, the provisions of the old statute were applicable here, and to apply them was not unconstitutional and did not constitute vindictive jus-

tice. The court committed no error in sentencing Weatherford accordingly.

Affirmed.

FRIEDLANDER and RILEY, JJ., concur.