(No. 41666.—)

THE PEOPLE OF THE STATE OF ILLINOIS, Appellee, *vs.* GEORGE F. BROWN, SR., Appellant.

*Opinion filed May 28, 1969.—Rehearing denied September 23, 1969.*

GEORGE F. BROWN, SR., *pro se.*

WILLIAM J. SCOTT, Attorney General, of Springfield, and JOHN MORTON JONES, State's Attorney, of Danville, (FRED G. LEACH, Assistant Attorney General, and LARRY

P. CRAMER, Special Assistant State's Attorney, of counsel,) for the People.

Mr. JUSTICE HOUSE delivered the opinion of the court:

The sole question presented by this appeal is whether a defendant may waive his right to have a jury determine his competency to stand trial.

Defendant was indicted by a grand jury in Vermilion County for the offenses of aggravated incest and indecent liberties with a child. After his privately retained counsel filed a petition to determine defendant's competency to stand trial, the court appointed two psychiatrists to examine him. The defendant signed a waiver of his right to have a jury determine his competency, after being admonished by the court and advised by his counsel. The defense and the People also stipulated that if the opinions of the two psychiatrists were that defendant was competent to stand trial, that would be the only evidence offered by the defendant on that issue; but if the opinion of either or both doctors were that defendant was incompetent, the State's Attorney would have the right to cross-examine the doctors.

The report of Dr. Charles E. Beck states in part: "On the mental exam, Mr. Brown is alert and correctly oriented in all spheres. His intelligence is average and memory is intact. Thinking is relevant and coherent with ability to abstract. Affect is appropriate. He relates himself to the examiner in an ingratiating, circumstantial and manipulative manner. Apparently he has related himself well to his work environment but is alleged to have committed anti-social acts. His reality testing is intact. Impression is Sociopathic personality, anti-social reaction. He does not appear insane or feeble minded and is mentally capable of standing trial in my opinion."

The findings in the report of Dr. T. A. Kiersch are: "1. In my opinion Mr. Brown is at this time free from mental defect, disease, or derangement; that he knows the

difference between right and wrong, can adhere to the right and is quite capable in cooperating in his own defense. 2. I have no opinion regarding his innocence or guilt of the alleged acts. 3. He does *not* suffer from any form of sexual deviancy that is apparent to the examiner, however this negative finding does not indicate that I feel he did or did not commit the alleged acts."

Based on these psychiatric reports and his personal observations and conversations with the defendant, the court found him competent to stand trial. The defendant then entered a plea of guilty to the count of the indictment charging indecent liberties with a child. His request for probation was denied, and he was sentenced to the penitentiary for a term of 18 to 20 years. Thereafter he filed a petition under section 72 of the Civil Practice Act, (Ill. Rev. Stat. 1967, ch. 110, par. 72,) alleging his incompetency at the time he entered his plea of guilty. On motion of the People, the trial court denied the petition.

To avert the finding of competency, defendant argues that the trial court must impanel a jury to determine the question of a defendant's competency to stand trial and that his jury waiver and competency hearing by the court were a nullity. The right to trial by jury guaranteed by the sixth amendment to the Federal constitution and by section 5 of article II of our constitution does not extend to a hearing to determine the competency of a defendant to stand trial. (*Lyles* v. *United States* (D.C. cir.), 254 F.2d 725, *cert.* denied, 356 U.S. 961, 2 L. Ed. 2d 1067, 78 S. Ct. 997; 362 U.S. 943, 4 L. Ed. 2d 771, 80 S. Ct. 809; 368 U.S. 992, 7 L. Ed. 2d 529, 82 S. Ct. 610; *United States* v. *Quinn* (7th cir.), 365 F.2d 251; *People* v. *Reeves,* 412 Ill. 555.) Thus, defendant did not waive a constitutional right.

Section 104—2(a) of the Code of Criminal Procedure, (Ill. Rev. Stat. 1967, ch. 38, par. 104—2(a),) provides: "If before a trial * * * the court has reason to believe that the defendant is incompetent the court shall suspend

the proceedings and shall impanel a jury to determine the defendant's competency. If a jury is waived by the defendant, the court shall conduct a hearing to determine the defendant's competency." Therefore, the same section of the statute which gives the right to have the issue of competency determined by a jury, also gives the defendant the opportunity to waive this right.

Defendant asserts, however, that it is inconsistent to try a person's competency to stand trial and at the same time accept his tendered jury waiver as being understandingly made. This argument has some surface appeal, but we do not think it makes a tendered jury waiver a nullity as defendant contends. The other side of the coin is that it would be reversible error for the trial court to deny a competent defendant's jury waiver. (*People* v. *Spegal*, 5 Ill.2d 211.) We hold that a jury can be waived under section 104—2(a) and that defendant knowingly and understandingly waived his right to have a jury determine his competency to stand trial.

The judgment of the circuit court dismissing defendant's section 72 petition for relief is affirmed.

*Judgment affirmed.*