THE PEOPLE OF THE STATE OF ILLINOIS, Plaintiff-Appellee, *v.* CHARLES EUGENE REED, Defendant-Appellant.

(No. 12661;

Fourth District—November 21, 1974.

Moody, Venturelli & Diamond, of Decatur, for appellant.

Basil G. Greanias, State's Attorney, of Decatur (Robert I. Wrigley, Assistant State's Attorney, of counsel), for the People.

Mr. JUSTICE CRAVEN delivered the opinion of the court:

After a jury trial, defendant was convicted of bigamy and was sentenced to probation for a period of one year. The sole issue raised on appeal concerns the trial court's refusal to conduct a bench trial when defendant expressly waived a jury trial and the State objected to this waiver.

In *People v. Spegal,* 5 Ill.2d 211, 125 N.E.2d 468, the supreme court

held that amendments to the Criminal Code in 1941, providing that when a defendant pleads guilty or waives a jury the cause shall be heard and determined by the court without a jury, gave a defendant an absolute right to be tried by the court, even over the objection of the People. (Ill. Rev. Stat. 1953, ch. 38, ¶ 736.) The successors to the 1941 amendment to the Criminal Code, considered to be controlling in *Spegal*, are found as sections 103—6 and 115—1 of the present Code of Criminal Procedure:

"§ 103-6. Waiver of Jury Trial.) Every person accused of an offense shall have the right to a trial by jury unless understandingly waived by defendant in open court.

\* \* \*

§ 115-1. Method of Trial.) All prosecutions except on a plea of guilty shall be tried by the court and a jury or the court when a jury is waived by the defendant in open court." Ill. Rev. Stat. 1973, ch. 38, ¶¶ 103-6, 115-1.

The prosecution argues the United States Supreme Court decision in *Singer v. United States*, 380 U.S. 24, 13 L.Ed.2d 630, 85 S.Ct. 783, indicates that although the United States Constitution grants a defendant a right to a jury trial, it does not give a defendant an unqualified right not to have a jury trial. The State further argues that Illinois law concerning the right to a jury trial should be interpreted in the same way.

■■ We do not believe the *Singer* decision is dispositive. The *Singer* court not only interpreted the United States constitutional right to a jury trial, but also dealt with the constitutional validity of Rule 23(a) of the Federal Rules of Criminal Procedure, which specifically required a jury trial waiver to be with the approval of the court and the consent of the government. In delivering the opinion of the court in *Singer*, Mr. Chief Justice Warren noted that several states had adopted a variety of procedures relating to jury trial waivers in State criminal cases. The *Spegal* case was specifically noted. *Singer* dealt solely with two points: first, the United States Constitution neither confers nor recognizes the right of criminal defendants to have their cases tried before a judge alone; second, the particular rule of criminal procedure for federal courts concerning jury trial waivers established a reasonable procedure for those waivers. The *Singer* decision has no bearing upon this matter of state criminal procedure. That *Spegal* has continued validity long after the decision in *Singer* was handed down is demonstrated by the comment in *People v. Brown*, 43 Ill.2d 79, 82, 250 N.E.2d 647, by Mr. Justice House writing for the court, "that it would be reversible error for the trial court to deny a competent defendant's jury waiver," citing *Spegal* as authority.

Accordingly, it was reversible error here for the trial court not to ac-

cept defendant's waiver of a jury trial even though the State objected to that waiver. The judgment of the circuit court of Macon County is reversed and the cause remanded for a new trial.

Reversed and remanded.

SMITH, P. J., and TRAPP, J., concur.