(No. 50935.—

THE PEOPLE OF THE STATE OF ILLINOIS, Appellant,
v. CHRISTOPHER MANNING, Appellee.

*Opinion filed June 1, 1979.*

William J. Scott, Attorney General, of Springfield, and Clyde L. Kuehn, State's Attorney, of Belleville (Donald B. Mackay, Melbourne A. Noel, Jr., and Orisha Kulick, Assistant Attorneys General, of Chicago, and Raymond F. Buckley, Jr., and Martin N. Ashley, of the State's Attorneys Appellate Service Commission, of Mt. Vernon, for the People.

Michael J. Rosborough, Deputy Defender, and John H. Reid, Assistant Defender, of Mt. Vernon, for appellee.

MR. JUSTICE KLUCZYNSKI delivered the opinion of the court:

The issue here is whether the Unified Code of Corrections (Ill. Rev. Stat. 1975, ch. 38, par. 1001—1—1 *et seq.*) granted defendant a statutory right to request a jury at the hearing to reexamine his fitness to stand trial. The hearing in question was held prior to defendant's second trial.

Defendant, Christopher Manning, was indicted for

armed robbery, was adjudged fit to stand trial, and was convicted of the offense charged following a jury trial in the circuit court of St. Clair County. After conviction, defendant requested and was given another fitness hearing; based on the psychiatric testimony presented, the trial court vacated the verdict and declared defendant incompetent to stand trial. (See *People v. Murphy* (1978), 72 Ill. 2d 421, 430; *People v. Speck* (1968), 41 Ill. 2d 177, 206; *People v. Barkan* (1970), 45 Ill. 2d 261, 263.) Defendant was further found to be in need of medical treatment and was committed to the Department of Mental Health. While defendant was in the custody of the Department, a hearing was held pursuant to the Mental Health Code of 1967 (Ill. Rev. Stat. 1975, ch. 91½, par. 1—1 *et seq.*) at which it was determined that defendant was not in need of treatment. Defendant was ordered released to the sheriff of St. Clair County to be held for further proceedings.

Prior to his second trial, defendant's counsel moved for a jury hearing on the question of defendant's fitness to stand trial. The trial court denied defendant's request for a jury and, following a hearing, adjudged defendant fit to stand trial. Defendant was again convicted of armed robbery by a jury and was sentenced to a term of 5 to 15 years' imprisonment. The appellate court reversed on the grounds that defendant had a statutory right to a jury determination of his restoration to fitness and remanded for a new trial. (61 Ill. App. 3d 558.) We allowed the State's petition for leave to appeal.

We hold that defendant had no statutory right to request a jury at the hearing to reexamine his fitness to stand trial. This conclusion is mandated by the language of section 5—2—2(b) of the Unified Code of Corrections (Ill. Rev. Stat. 1975, ch. 38, par. 1005—2—2(b)) which provides for hearings to reexamine findings of unfitness but makes no provision for juries at such hearings. Our conclusion is supported further by an examination of all

the other statutory provisions applicable to fitness deter-
minations, by the council commentary to section
5—2—2(b), by an analysis of the predecessor statute to
section 5—2—2(b), and by the cases interpreting that prior
statute.

Any right the defendant argues he has to a jury at the
hearing to reexamine his fitness to stand trial must find its
source in the statute, since there is no constitutional right
to a jury at such proceedings (*People v. Brown* (1969), 43
Ill. 2d 79, 81; *People v. Shadowens* (1969), 44 Ill. 2d 70,
72). In determining whether the legislature intended to
confer such a right, the primary source to be examined is
the statutory language. *People ex rel. Gibson v. Cannon*
(1976), 65 Ill. 2d 366, 369.

Section 5—2—2(b) sets forth the procedure for judicial
reexamination of a defendant's fitness to stand trial. It
provides:

> "A defendant hospitalized under this Section shall be
> returned to the court not more than 90 days after the
> court's original finding of unfitness, and each 12 months
> thereafter. At such re-examination the court may pro-
> ceed, find, and order as in the first instance under
> paragraph (a) of this Section. If the court finds that
> defendant continues to be unfit to stand trial or be
> sentenced but that he no longer requires hospitalization,
> the defendant shall be released under paragraph (a) of this
> Section on bail or recognizance. Either the State or the
> defendant may at any time petition the court for review
> of the defendant's fitness." (Ill. Rev. Stat. 1975, ch. 38,
> par. 1005—2—2(b).)

That section makes no direct provision for juries at fitness
reexamination hearings and, unlike the section it replaced
(Ill. Rev. Stat. 1963, ch. 38, par. 104—3(c)), makes no
cross-reference to the section which sets forth the circum-
stances under which a defendant may request a jury at his
initial fitness hearing (Ill. Rev. Stat. 1975, ch. 38, par.
1005—2—1(d)).

Section 5—2—2(b) does refer to section 5—2—2(a), which provides that once a defendant has been found unfit to stand trial, procedures under the Mental Health Code of 1967 apply. However, as the appellate court correctly noted, the Mental Health Code of 1967 deals with findings of need for mental treatment and the need for hospitalization (Ill. Rev. Stat. 1975, ch. 91½, pars. 9—2, 10—3) and has no bearing upon determinations or redeterminations of fitness to stand trial. That code comes into play only after the defendant has been found unfit and never applies if the defendant is found fit. It therefore can provide no basis for a conclusion that defendant was entitled to request a jury at his fitness reexamination hearing.

The council commentary is also a proper source for this court to consult in ascertaining the legislative intent (*People ex rel. Morrison v. Sielaff* (1974), 58 Ill. 2d 91, 93; *People ex rel. Suddeth v. Rednour* (1965), 33 Ill. 2d 278, 283), and an examination of the statements it contains confirms our conclusion that section 5—2—2(b) confers upon defendants no right to request a jury at their fitness reexamination hearings. The council commentary to section 5—2—2(b) states that "[s]ubsequent re-examination hearings were intended to be heard by the court without a jury even if the original determination of unfitness was made by a jury." (Ill. Ann. Stat., ch. 38, par. 1005—2—2, Council Commentary, at 258-59 (Smith-Hurd 1973).) This indicates that the statutory omission of a reference to a right to request a jury at reexamination hearings was intentional and was meant to prohibit the impaneling of a jury at such hearings.

When a statute is repealed and a replacement statute is adopted, the effect is to completely obliterate the prior statute, and whatever is embraced in the new statute prevails, while whatever is excluded is to be discarded. (*People ex rel. Suddeth v. Rednour* (1965), 33 Ill. 2d 278, 284.) Bearing these precepts in mind, we have examined

the predecessor statute to sections 5—2—1 and 5—2—2, which the Unified Code of Corrections repealed, effective January 1, 1973 (Ill. Rev. Stat. 1975, ch. 38, pars. 1008—5—1, 1008—6—1), and have examined the cases interpreting the prior statute. We find that they further support our conclusion that under the current statute defendant had no right to request a jury at his fitness reexamination hearing.

The prior statute, section 104—3(c) of the Code of Criminal Procedure of 1963, provided that when reasonable grounds existed to believe that an incompetent had regained his competence, the court was to determine the person's present mental condition in a hearing conducted "in accordance with this Article." (Ill. Rev. Stat. 1963, ch. 38, par. 104—3(c).) After examining the applicable statutory provisions in their entirety and especially the direction that reexamination hearings be held "in accordance with this Article," this court held that the statute conferred upon defendants the same right to elect to have a jury decide the issue of their restoration to fitness as they had to elect a jury at their initial fitness hearing. (*People ex rel. Suddeth v. Rednour* (1965), 33 Ill. 2d 278, 282-83.) The court concluded that section 104—3(c) had incorporated by reference the procedures applicable to initial fitness hearings.

When section 5—2—2(b) was enacted, it omitted any cross-reference to the provision governing initial fitness hearings and its establishment of a right to request a jury. It is a principle of statutory construction that the General Assembly knows how the courts have interpreted statutes. (*Illinois Power Co. v. City of Jacksonville* (1960), 18 Ill. 2d 618, 622.) It is also presumed that the General Assembly acted conscientiously and thoroughly. (See *Jacobson v. Lenhart* (1964), 30 Ill. 2d 225, 227.) It must therefore be presumed that the General Assembly meant to effect a change in a defendant's statutory right to a jury

at fitness reexamination hearings when it repealed former section 104—3(c) and omitted from the replacement statute a requirement that reexamination hearings be held "in accordance with this Article," a phrase this court had interpreted as an incorporation of a right to a jury.

The changes in the provision governing initial fitness hearings also lend support to our conclusion here. The prior section provided that if a doubt as to a defendant's fitness arose during trial, the proceedings were to be suspended and, at the election of the defendant, a jury was to be impaneled to determine his fitness. (Ill. Rev. Stat. 1963, ch. 38, par. 104—2(b).) The present statute disallows a jury determination of the issue of fitness once a trial on the charge has commenced. (Ill. Rev. Stat. 1975, ch. 38, par. 1005—2—1(d).) This prohibition is based on the desire to conserve judicial resources and to speed determination of the issue. Ill. Ann. Stat., ch. 38, par. 1005—2—1, Council Commentary, at 220 (Smith-Hurd 1973).

Our determination that section 5—2—2(b) makes no provision for a request for a jury at fitness reexamination hearings forwards the same purposes as the prohibition of a jury determination once the proceedings have begun, especially in light of the statutory requirement that such proceedings be held yearly at a minimum (Ill. Rev. Stat. 1975, ch. 38, par. 1005—2—2(b)). Our determination thus effects the rule of statutory construction that courts should consider the object to be obtained and the consequences which would result from one construction or another (*People ex rel. Suddeth v. Rednour* (1965), 33 Ill. 2d 278, 282).

This change in the provision governing initial fitness determinations also deflates the effect of language in *People ex rel. Suddeth v. Rednour* (1965), 33 Ill. 2d 278, 282-83, upon which defendant places great reliance. *Rednour* stated that it would be inconsistent with the

overall purpose of the statute to permit a jury trial in some fitness hearings but not in others. However, the new statute expressly recognizes circumstances under which a jury will be permitted and others in which it is to be prohibited, effectively abrogating that language in the *Rednour* opinion.

In sum, since any right defendant may have to a jury at his fitness reexamination hearing is purely statutory and since section 5—2—2(b) makes no such provision, we hold that defendant had no right to request a jury and that the trial court did not err in refusing to impanel one. Accordingly, the judgment of the appellate court is reversed. The cause is remanded to that court with directions to address defendant's arguments that he was denied effective assistance of counsel and that his sentence was excessive. These points were raised but not addressed in the appellate court and were not briefed or argued in this court.

*Reversed and remanded,*
*with directions.*