STATE of Indiana ex rel., Julie VAN
ORDEN, Relator,

v.

FLOYD CIRCUIT COURT and The
Honorable David W. Crumbo,
Judge, Respondents.

No. 1080S384.

Supreme Court of Indiana.

Dec. 9, 1980.

Charles L. Berger, Evansville, for relator.

Theo. L. Sendak, Atty. Gen., Palmer K.
Ward, Deputy Atty. Gen., Indianapolis, for
respondents.

PIVARNIK, Justice.

On March 25, 1980, defendant–relator
Julie Van Orden was charged in Vander-
burgh Circuit Court with the knowing and
intentional killing of Russell Lloyd. There-
after, defendant moved for a change of
venue from the county. This motion was
granted, and Floyd County was ultimately
selected to receive the case. On July 17,
1980, defense counsel petitioned the respon-
dent court for the appointment of an expert
trained in psychiatry to assist him in the
preparation of the defense. In response to
this petition, and after hearing oral argu-
ment on the matter, the respondent court
ordered defendant Van Orden examined by
two psychiatrists to determine whether she
is competent to stand trial. The court's
order was made pursuant to Indiana Code
§ 35–5–3.1–1 et seq. (Burns 1979 Repl.).

On September 2, 1980, the respondent
court held a hearing to determine relator's
competency. Prior to the taking of evi-
dence, defense counsel requested that de-
fendant's competency be determined by a
jury, arguing that such a procedure is re-
quired under the United States and Indiana
Constitutions. The respondent court denied
this request and proceeded, over objection,
to hear evidence on this issue. At the con-
clusion of the hearing, the court found that
defendant Van Orden is not capable of
understanding the charge against her nor
of meaningfully assisting her counsel in the
preparation of her defense. Pursuant to
the statutory provisions cited above, respon-
dent ordered relator committed to the State
Department of Mental Health. The court

also denied defense counsel's request that this order be stayed pending the presentation of the case to this Court.

Thereafter, on September 26, 1980, defense counsel presented to this Court a verified petition for a writ of mandate. This petition alleged that respondent Judge Crumbo, as judge of the Floyd Circuit Court, had exceeded his jurisdiction in denying relator a jury trial on the issue of her competency to stand trial. At the initial hearing on this matter, this Court unanimously decided that no writ of mandate should issue. This opinion is in furtherance of that decision.

Relator presents two separate grounds as to why she should be accorded a jury trial on the issue of her competency to stand trial. Each of these grounds is constitutional in nature. First, she asserts that the Sixth Amendment guarantees a jury trial on this question. Second, she argues that a jury trial is required by article one, section twenty of the Indiana Constitution. We find these arguments to be without merit.

Ind. Code § 35–5–3.1–1 *et seq.* (Burns 1979 Repl.) establishes the procedure to be followed in determining this issue. Section 35–5–3.1–1 provides:

"(a) If at any time before the final submission of any criminal case to the court or jury trying the same, the court, either from its own knowledge or upon the suggestion of any person, has reasonable grounds for believing that the defendant lacks the ability to understand the proceedings and assist in the preparation of his defense, the court shall immediately fix a time for a hearing to determine whether the defendant has that ability. The court shall appoint two competent disinterested psychiatrists, who shall examine the defendant for the purpose of forming an opinion as to whether the defendant has that ability and shall testify concerning the same at the hearing.

(b) At the hearing, other evidence may be introduced if relevant to whether the defendant has the ability to understand the proceedings and assist in the prepara-

tion of his defense. If the court finds that the defendant has the ability to understand the proceedings and assist in the preparation of his defense, the trial shall proceed. If the court finds that the defendant lacks that ability, the trial shall be delayed or continued, and the court shall order the defendant committed to the department of mental health, to be confined by the department in an appropriate psychiatric institution."

Thus, this section establishes that the necessary findings as to the accused's competence are to be made by the trial judge. Section 35–5–3.1–2 provides for the resumption of the proceedings when the defendant attains the necessary level of competency. Section 35–5–3.1–3 states, however, that the superintendent of the institution must certify within ninety days of commitment his belief as to whether there is a substantial probability that the defendant will reach the necessary levels of competency in the "foreseeable future." This section further provides:

"If such a substantial probability does not exist, the department of mental health shall initiate regular commitment proceedings under Ind. Code § 16–14–9.1. If such a substantial probability does exist, the defendant shall be retained by the department of mental health until he attains the ability to understand the proceedings and assist in the preparation of his defense and is returned to the proper court for trial, or for six months from the date of his admittance, whichever first occurs."

The statue then states in § 35–5–3.1–4 that "[i]f a defendant who was found under section three of this chapter to have had a substantial probability of attaining the ability to understand the proceedings and assist in the preparation of his defense has not attained that ability within six months after the date of his admittance to a psychiatric institution, the department of mental health shall institute regular commitment proceedings under Ind. Code § 16–14–9.1."

Finally, § 35–5–3.1–5 provides:

"In no event shall the defendant be retained by the department of mental

health pursuant to this chapter longer than a period of nine months."

Thus, a defendant may be institutionalized under these statutes for up to nine months, but commitment proceedings under Ind. Code § 16–14–9.1–1 *et seq.*, must be initiated no later than six months after the defendant is first committed pursuant to these statutes.

██ We may quickly dispose of relator's argument that the Sixth Amendment guarantees a jury trial on this issue. The Sixth Amendment guarantees a jury trial in "criminal prosecutions." The proceeding to determine a person's competency to stand trial is simply not a "criminal prosecution." This hearing is, by definition, merely a preliminary procedure employed in some cases to insure full compliance with due process requirements. *Drope v. Missouri,* (1975) 420 U.S. 162, 95 S.Ct. 846, 43 L.Ed.2d 103; *Jackson v. Indiana,* (1972) 406 U.S. 715, 92 S.Ct. 1845, 32 L.Ed.2d 435; *Pate v. Robinson,* (1966) 383 U.S. 376, 86 S.Ct. 836, 15 L.Ed.2d 815. In fact, this competency hearing is not required as a matter of course in every case. *E.g., Parsley v. State,* (1976) 265 Ind. 297, 354 N.E.2d 185. Those cases in which the United States Supreme Court has discussed and applied the Sixth Amendment right to a jury trial dealt specifically with the guilt–determining and incarceration phases of a criminal prosecution. *See Baldwin v. New York,* (1970) 399 U.S. 66, 90 S.Ct. 1886, 26 L.Ed.2d 437; *Duncan v. Louisiana,* (1968) 391 U.S. 145, 88 S.Ct. 1444, 20 L.Ed.2d 491. Even in *Bloom v. Illinois,* (1968) 391 U.S. 194, 88 S.Ct. 1477, 20 L.Ed.2d 522, which recognized a right to a jury trial in certain contempt cases, the Court was careful to equate criminal contempt with traditional notions of criminal law, and to note that the defendant was being punished for his criminal *conduct.*

By contrast, the proceeding in question here is purely a collateral matter to the actual prosecution. *See People v. Hill,* (1967) 67 Cal.2d 105, 60 Cal.Rptr. 234, 429 P.2d 586. The hearing merely determines a certain facet of the defendant's present mental status: that is, whether the defend-

ant understands the proceedings and is able to assist counsel in the preparation of her defense. Thus, the competency hearing and the possible subsequent temporary commitment to an institution pursuant to these statutes involve no restraint of liberty after a determination of criminal culpability–the heart of the matter to which the Sixth Amendment is addressed. The competency proceedings, in fact, contemplate a future or resumed trial to determine the defendant's guilt of the pending charges. Of course, a competency hearing in no way affects or infringes upon the accused's right to a jury trial at the trial–the "prosecution"–itself. For all of these reasons, we conclude that relator Van Orden was not entitled, under the Sixth Amendment, to a jury's determination of her competency to stand trial. *People v. Manning,* (1979) 76 Ill.2d 235, 28 Ill.Dec. 544, 390 N.E.2d 903; *People v. Brown,* (1969) 43 Ill.2d 79, 250 N.E.2d 647. *See Lyles v. United States,* (1957) 103 U.S.App.D.C. 22, 254 F.2d 725, *cert. denied,* (1958) 356 U.S. 961, 78 S.Ct. 997, 2 L.Ed.2d 1067. *See also Drope v. Missouri, supra; Jackson v. Indiana, supra; Pate v. Robinson, supra; Dusky v. United States,* (1960) 362 U.S. 402, 80 S.Ct. 78, 4 L.Ed.2d 824.

██ Relator Van Orden also argues that a jury trial on the issue of competence is guaranteed by article one, section twenty of the Indiana Constitution. That section provides: "In all civil cases, the right of trial by jury shall remain inviolate." We have interpreted this language to preserve the right to trial by jury in those civil cases "which were so triable at common law or so made by statute." *State ex rel. Emmert v. Gentry,* (1945) 223 Ind. 535, 538, 62 N.E.2d 860.

This provision clearly does not control the issue before us. First, the competency proceedings in question are not civil in nature; this hearing is plainly part of the criminal process. The procedure established by Ind. Code § 35–5–3.1–1 *et seq.* (Burns 1979 Repl.) contemplates that the accused will remain a part of the criminal system unless, after a predetermined period of time in an

1219

institution, it is clear that she will not attain the requisite level of competency. If such a finding is made, the department of mental health "shall institute regular commitment proceedings under Ind. Code § 16–14–9.1" § 35–5–3.1–4, *supra.*

Second, our criminal laws and procedures are established and controlled by statutory and constitutional law, not by the common law. *Hargis v. State*, (1942) 220 Ind. 429, 44 N.E.2d 307; *Kleihage v. State*, (1934) 206 Ind. 206, 188 N.E. 786; *State v. Dailey*, (1922) 191 Ind. 678, 134 N.E. 481. The competency hearing was created to resolve a legal question: whether the accused understands the charges and is able to assist in the defense. The hearing is merely one portion of our criminal procedure, similar to other pretrial hearings and procedures conducted for the purpose of resolving other constitutional or legal questions. We do not find this procedure to be a "civil case" which was triable to a jury at common law. *See Finkenbiner v. Dowd*, (1952) 231 Ind. 416, 108 N.E.2d 261.

The respondent court did not lose or exceed its jurisdiction in refusing to grant relator a jury trial on the issue of her competency to stand trial. Therefore, the petition for a writ of mandate is denied.

GIVAN, C. J., and DeBRULER, HUNTER and PRENTICE, JJ., concur.