HARGIS *v.* STATE OF INDIANA.

[No. 27,707. Filed October 27, 1942.]

*S. K. Frankenstein,* of Fort Wayne, for appellant.

*George N. Beamer,* Attorney General, *James K. Northam,* First Assistant Attorney General, and *Robert E. Agnew,* Deputy Attorney General, for the State.

RICHMAN, J.—Appellant was convicted and fined upon an affidavit charging that while driving an automobile he unlawfully failed to yield the right of way to a pedestrian at a street intersection in Fort Wayne. The only question presented by his brief is the sufficiency of the affidavit to withstand motion to quash charging that the facts stated do not constitute a public offense.

The affidavit charges that while the green light was shining for east and west traffic the pedestrian lawfully

was walking eastward on the south side of Main Street in the crosswalk across Clinton street and was in such crosswalk on the west half of Clinton street when appellant, who was driving westward on the north side of Main street, made a left turn to drive southward on the west half of Clinton street and unlawfully failed to yield the right of way to the pedestrian.

The statute involved is chapter 48 of the Acts of 1939 known as the "Uniform Act Regulating Traffic on Highways," which in § 160, § 47-2304, Burns' 1940 Replacement, § 11189-171, Baldwin's Supp. 1939, provides that "It is a misdemeanor for any person to violate any of the provisions of this act unless such violation is by this act or other law of this state declared to be a felony." The provision of the act upon which the prosecution is based is the first part of § 34 and particularly the sentence italicized, § 47-1905, Burns' 1940 Replacement, § 11189-44, Baldwin's Supp. 1939.

> "**Traffic Control Signal Legend.** Whenever traffic is controlled by traffic control signals exhibiting the words 'go,' 'caution,' or 'stop,' or exhibiting different colored lights successively, the following colors only shall be used and said terms and lights shall indicate and apply to drivers of vehicles and pedestrians as follows:
>
> (a) Green accompanied by the word 'Go':
>
> 1. Vehicular traffic facing the signal, except when prohibited under section 97 [§ 47-2111], may proceed straight through or turn right or left, unless a sign at such place prohibits either such turn. *But vehicular traffic shall yield right-of-way to other vehicles and to pedestrians lawfully within the intersection at the time such signal is exhibited.*
>
> 2. Pedestrians facing the signal may proceed across the roadway within any marked or unmarked crosswalk." (Our italics.)

This statute is founded upon a uniform law approved by the National Conference of Commissioners on Uni-

form State Laws (see 11 U. L. A. 1) and purports ▮ to codify statutory rules with reference to motor traffic on highways including city streets. Obviously such a statute should receive a reasonable construction but being penal in nature it should not be enlarged by intendment. "This requires that where there is ambiguity it must be resolved against the penalty, and only those cases brought within the statute that are clearly within its meaning and intention." *Manners* v. *State* (1936), 210 Ind. 648, 654, 5 N. E. (2d) 300, 303. See also *Dowd, Warden* v. *Sullivan* (1940), 217 Ind. 196, 202, 27 N. E. (2d) 82, 85.

It is fundamental that a statute must be construed as a whole and its different sections read together and harmonized wherever possible. With this rule ▮ in mind we are able at once to eliminate as surplusage the words "to other vehicles and" in the italicized sentence because the subject of the right of way as between one vehicle and another (except emergency vehicles) is fully covered by §§ 77, 78 and 79 of the act. §§ 47-2026, 7 and 8, Burns' 1940 Replacement, §§ 11189-87, 8 and 9, Baldwin's Supp. 1939.

There are two important definitions in the act, one immediately following the other so that it may be assumed that the author had both clearly in mind, as follows:

"Sec. 15. **Intersection.** The area embraced within the prolongation or connection of the lateral curb lines, or, if none, then the lateral boundary lines of the roadways of two [2] highways which join one another at, or approximately at, right angles, or the area within which vehicles traveling upon different highways joining at any other angle may come in conflict." § 47-1815, Burns' 1940 Replacement, § 11189-25, Baldwin's Supp. 1939.

"Sec. 16. **Crosswalk.** (a) That portion of a road-

way at an intersection included within the prolongation or connection of the lateral lines of the sidewalks from the curb to the opposite curbs when unmarked.

(b) Any portion of a roadway at an intersection or elsewhere distinctly indicated for pedestrian crossing by lines or other markings on the surface." § 47-1816, Burns' 1940 Replacement, § 11189-26, Baldwin's Supp. 1939.

In view of the fact that the affidavit before us states that the pedestrian "was walking in a proper crosswalk," we assume that the crosswalk in question was marked pursuant to § 16 (b). It will be noted from these definitions that the intersection as defined in § 15 certainly does not embrace the crosswalk referred to in § 16 (a). Taking judicial notice of the fact that municipal authorities do not indicate crosswalks within the square whose four sides are prolongations of the curb lines, it follows that the "crosswalk" referred to in the affidavit is not within the intersection as defined by the statute.

Turning then to § 34, *supra,* we find that pedestrians facing a green traffic control signal may proceed across the roadway within the crosswalk. But they are given no rights within the intersection. On the other hand vehicular traffic is required to yield the right of way to pedestrians lawfully within the intersection. But the statute is silent as to right of way in favor of pedestrians lawfully within the crosswalk.

This language taken literally produces an incongruous result in that vehicles are required to yield right of way to pedestrians who have no right to be within the intersection. We naturally inquire therefore if it was not the intention of the Legislature that the words "lawfully within the intersection" should read "lawfully within a crosswalk at the intersection."

As before stated the two definitions are so close together as to indicate that both were clearly in the minds of the Legislature at the same time, and therefore that they were carefully worded with reference each to the other. This view is, we think, supported by the fact that later in (d) (1) of § 34, applying to traffic where the signal is red with green arrow, it is provided: "Vehicular traffic facing such signal may cautiously enter the intersection . . . but shall yield the right-of-way to pedestrians lawfully within the crosswalk. . . ." In other places in this same section the words "crosswalk" and "intersection" are used discriminately. A later section of the act deals with pedestrians' right of way at crosswalks where traffic control signals are not in place or not in operation. § 47-2032, Burns' 1940 Replacement, § 11189-93, Baldwin's Supp. 1939. This section also clearly differentiates between "crosswalk" and "intersection." We conclude that in the italicized sentence the word "intersection" may not be replaced by the word "crosswalk" or by "crosswalk at the intersection."

It follows therefore that there was no statutory right of way in favor of the pedestrian at the time and place alleged in the affidavit and that the motion to quash should have been sustained. We reach this conclusion with some diffidence, first, because the effect of the statutory definitions of the two words was not briefed by either of the parties to this appeal, and, second, because the result reached obviously makes surplusage of the whole italicized sentence. We should like to ascribe to that sentence some effective significance but, as we have many times said, we are not permitted to legislate. If there is a defect in the statute, we may not supply it by construction to sustain a judgment of penal character. Without a statute prescribing

an offense there may be no criminal conviction. We express no opinion as to the common-law rights of pedestrians within a crosswalk.

Judgment reversed.

NOTE.—Reported in 44 N. E. (2d) 307.