GEORGE MOON *v.* STATE OF INDIANA.

[No. 277S134. Filed September 12, 1977.]

*Terry E. Johnston,* of Valparaiso, for appellant.

*Theodore L. Sendak,* Attorney General, *Kenneth R. Stamm,* Deputy Attorney General, for appellee.

DEBRULER, J.—Appellant, while serving a life sentence at the Indiana State Prison in Michigan City, attempted to take the warden of that institution hostage. Appellant was charged with kidnapping, Ind. Code § 35-1-55-1 (Burns 1975), and kidnapping for ransom, Ind. Code § 35-1-55-3 (Burns 1975). Pursuant to a plea bargain agreement, a third count of commission of a felony while armed: kidnapping, Ind. Code § 35-12-1-1 (Burns 1975), was filed; appellant entered a guilty plea to this count and received a determinate fifteen year sentence. He appeals, seeking a determination that he was entitled to credit, against his fifteen year sentence, for time spent in prison serving his life sentence between the arrest and sentencing of appellant for this offense.

We need not consider the issue raised by appellant. In *Coleman* v. *State,* (1975), 264 Ind. 64, 339 N.E.2d 51, this Court held:

> "The armed kidnapping conviction is invalid for the additional reason that kidnapping is not encompassed within the armed felony statute. . . . The relationship intended to be established by the statute was that a greater penalty should be assessed for armed ones. To include kidnapping within the purview of the statute would be to reduce the penalty rather than increase it—an absurdity which we do not ascribe to the legislative intent." (Citations omitted.) 339 N.E.2d at 56.

If kidnapping is not encompassed within the armed felony statute, Ind. Code § 35-12-1-1, then no such offense as "armed kidnapping" exists. That being so, a conviction for "armed kidnapping" is a nullity. Conviction of a non-existent crime is fundamental error, *Young* v. *State,* (1967) 249 Ind. 286, 231 N.E.2d 797, which error, if apparent on the face of the record, cannot be ignored by the reviewing court. *Hudson* v. *State,* (1976) 265 Ind. 302, 354 N.E.2d 164; *Swininger* v. *State,* (1976) 265 Ind. 136, 352 N.E.2d 473; *Franks* v. *State,* (1975) 262 Ind. 649, 323 N.E.2d 221; *Kleinrichert* v. *State,* (1973) 260 Ind. 537, 297 N.E.2d 822; *Vawter* v. *State,* (1972) 258 Ind. 168, 279 N.E.2d 805. We have no choice but to vacate appellant's conviction. In doing so we are not unmindful that appellant probably does not desire this relief, but correction of fundamental error is not intended for the advantage of the accused. *Bartone* v. *United States,* (1963) 375 U.S. 52, 84 S.Ct. 21, 11 L.Ed.2d 11.

The conviction of appellant for "armed kidnapping" is reversed. This case is remanded to the Porter Superior Court with instructions that the judgment and sentence, and the order accepting appellant's guilty plea, be vacated.

Givan, C.J., Hunter and Prentice, JJ., concur; Pivarnik, J., not participating.

NOTE.—Reported at 366 N.E.2d 1168.