**Bobby Dean VANDEVENTER, Defendant-Appellant,**

v.

**STATE of Indiana, Plaintiff-Appellee.**

**No. 1–883A273.**

Court of Appeals of Indiana, First District.

Feb. 22, 1984.

Rehearing Denied March 29, 1984.

Transfer Denied May 22, 1984.

Susan K. Carpenter, Public Defender, David P. Freund, Deputy Public Defender, Indianapolis, for defendant-appellant.

Linley E. Pearson, Atty. Gen., John D. Shuman, Deputy Atty. Gen., Indianapolis, for plaintiff-appellee.

NEAL, Presiding Judge.

### STATEMENT OF THE CASE

Defendant-appellant, Bobby Dean Vandeventer (Vandeventer), was charged in the Greene Circuit Court with attempted voluntary manslaughter under IND.CODE 35–41–5–1, and IND.CODE 35–42–1–3, but was convicted by the jury of "attempted reckless homicide", but mentally ill at the time of the offense. From a sentence of five years he appeals.

We reverse.

### STATEMENT OF THE FACTS

Five issues are raised on appeal. Issue I raises the question of whether or not a conviction of a non-existent offense can be permitted to stand on the basis of invited error. Since we determine this issue favorably to Vandeventer, we shall only address it.

As stated, Vandeventer was charged with attempted voluntary manslaughter.

At trial his counsel tendered, and the court gave, his instruction number eight which informed the jury that it could find Vandeventer guilty of the included offense of "attempted reckless homicide". The jury found Vandeventer guilty of that included "offense" and returned the verdict on a form prepared and submitted by the court pursuant to that instruction.

## DISCUSSION AND DECISION

■ Vandeventer contends, and the State concedes, that under controlling Indiana authorities there is no such offense as "attempted reckless homicide", because the attempt statute applies only to specific intent crimes. *Humes v. State,* (1981) Ind., 426 N.E.2d 379; *Tunstall v. State,* (1983) Ind., 451 N.E.2d 1077. The State, however, defends the appeal with the argument that Vandeventer invited error by tendering its instruction number eight covering this supposed included offense. The parties agree that the invited error doctrine exists in Indiana. They agree that as a general proposition Indiana cases hold a defendant may not profit from obtaining an erroneous instruction by thereafter claiming error. *Stamper v. State,* (1973) 260 Ind. 211, 294 N.E.2d 609; *Moore v. State,* (1983) Ind. App., 445 N.E.2d 576. Vandeventer even concedes the rule has been applied to the giving of a tendered included offense instruction which erroneously states that an offense is an included offense when it is not. *Moore v. State, supra; Loza v. State,* (1975) 263 Ind. 124, 325 N.E.2d 173; *Sund v. State,* (1974) 162 Ind.App. 550, 320 N.E.2d 790.

■ However, Vandeventer distinguishes those cases from cases such as this, where the so-called included offense is nonexistent. He correctly observes that in all the cases cited by the State the included offense was actually a statutorily recognized offense. He argues the invited error doctrine may not apply to convict a person of a non-existent crime. We agree.

■ There can be no conviction for an offense not defined by statute. *Hargis v. State,* (1942) 220 Ind. 429, 44 N.E.2d 307.

In *Moon v. State,* (1977) 267 Ind. 27, 366 N.E.2d 1168, the Supreme Court *sua sponte* raised the question in a case involving a plea of guilty pursuant to a plea agreement to the non-existent offense of "armed kidnapping". The court stated:

> "If kidnapping is not encompassed within the armed felony statute ... then no such offense of 'armed kidnapping' exists. That being so the conviction for 'armed kidnapping' is a nullity. Conviction of a non-existent crime is fundamental error ... which is apparent on the face of the record and cannot be ignored by the reviewing court... We have no choice but to vacate appellant's conviction. In doing so we are not unmindful that appellant does not desire this relief, but correction of fundamental error is not intended for the advantage of the accused."

*See also, Young v. State,* (1967) 249 Ind. 286, 231 N.E.2d 797.

Basic law pronounced by the Supreme Court is explicit; no combination of circumstances can justify the conviction and imprisonment of a defendant of a non-existent offense. A material distinction exists between application of the invited error doctrine to affirm a conviction of an included offense which is statutorily defined, though technically not an included offense, and here, where it would be used to affirm a conviction of a nonexistent offense.

For the above reasons this cause is reversed and the trial court is directed to vacate the conviction of "attempted reckless homicide".

Judgment reversed.

ROBERTSON and RATLIFF, JJ., concur.