**Pursuant to Ind. Appellate Rule 65(D), this Memorandum Decision shall not be regarded as precedent or cited before any court except for the purpose of establishing the defense of res judicata, collateral estoppel, or the law of the case.**



FILED

Oct 22 2014, 10:26 am

*Kevin S. Smith*

CLERK
of the supreme court,
court of appeals and
tax court

APPELLANT PRO SE:

**MICHAEL HUFFMAN**
Pendleton, Indiana

ATTORNEYS FOR APPELLEE:

**GREGORY F. ZOELLER**
Attorney General of Indiana

**CHANDRA K. HEIN**
Deputy Attorney General
Indianapolis, Indiana

# IN THE
# COURT OF APPEALS OF INDIANA

| | | |
|---|---|---|
| MICHAEL HUFFMAN, | ) | |
| | ) | |
| Appellant-Defendant, | ) | |
| | ) | |
| vs. | ) | No. 48A02-1308-CR-731 |
| | ) | |
| STATE OF INDIANA, | ) | |
| | ) | |
| Appellee-Plaintiff. | ) | |

APPEAL FROM THE MADISON CIRCUIT COURT
The Honorable Dennis D. Carroll, Judge
Cause No. 48D01-0608-FB-245

**October 22, 2014**

**MEMORANDUM DECISION - NOT FOR PUBLICATION**

**DARDEN, Senior Judge**

Michael Huffman appeals from the trial court's order denying his motion to correct erroneous sentence. Concluding that the trial court did not err by denying Huffman's request, we affirm.

## FACTS AND PROCEDURAL HISTORY

Huffman was charged with aggravated battery as a Class B felony and invasion of privacy as a Class A misdemeanor in August 2006. Huffman and the State entered into a plea agreement providing that in exchange for Huffman's guilty plea the State would agree that Huffman's sentence would be left to the trial court's discretion with a ten-year cap on any executed portion of the sentence. The trial court held a guilty plea hearing, after which the plea was taken under advisement. On April 3, 2007, the trial court accepted Huffman's guilty plea and sentenced him to a term of eighteen years with eight years suspended to probation for the aggravated battery conviction and one year for the invasion of privacy conviction, to be served concurrently in the Department of Correction.

On November 14, 2007, Huffman filed a petition for post-conviction relief, which was denied by the post-conviction court. We affirmed the post-conviction court's denial of relief in a memorandum decision. *See Huffman v. State*, No. 48A02-1003-PC-421 (Ind. Ct. App. Feb. 11, 2011).

On June 12, 2013, Huffman filed a motion to correct erroneous sentence, which was denied by the trial court on the same day. On June 26, 2013, Huffman filed a motion to correct error from the trial court's decision. The chronological case summary does not indicate the disposition of that motion; however, that motion would have been deemed

2

denied by operation of Indiana Trial Rule 53.3(A) on August 12, 2013. On August 8, 2013, Huffman filed a second motion to correct erroneous sentence, which was denied by the trial court on August 12, 2013. Huffman filed his notice of appeal on August 23, 2013.

The State filed an emergency verified motion to dismiss the appeal on October 9, 2013. This Court held that motion in abeyance for disposition by the writing panel and entered an order directing the State to file an appellee's brief in the matter. Once the matter was fully briefed with conforming submissions, the matter was transmitted to the writing panel of this Court for disposition. Huffman now appeals.

## DISCUSSION AND DECISION

In each of Huffman's motions he presented arguments, seeking essentially the same relief, contesting the trial court's imposition of restitution as part of his sentence. Because of the potentially dispositive nature of the State's motion to dismiss, we address that issue first.

The State contends that Huffman's appeal is barred because it was untimely filed, arguing that Huffman's motions were repetitive motions and that he failed to appeal from the first of those motions. The first motion to correct erroneous sentence was filed on June 12, 2013 and was denied that same day. The record does not reflect the disposition of Huffman's June 26, 2013, motion to correct error. Nonetheless, Huffman's motion to correct error would have been deemed denied on August 12, 2013, and he had thirty days in which to file his notice of appeal from that ruling. Ind. Trial Rule 53.3(A) ("Any appeal shall be initiated by filing the notice of appeal under Appellate Rule 9(A) within thirty (30)

3

days after the Motion to Correct Error is deemed denied."). Huffman's notice of appeal was filed on August 23, 2013.

We agree that in general, repetitive motions do not extend a party's deadline for filing a notice of appeal. Ind. Trial Rule 53.4(A). Without determining what impact, if any, the filing and denial of Huffman's subsequent motion to correct erroneous sentence had on the calculation of time for perfecting his appeal, we conclude that Huffman's notice of appeal was timely filed after his June 26, 2013, motion to correct error was deemed denied.

Turning to the merits of Huffman's appeal, we conclude that his assertion that the trial court erred by imposing the restitution requirement in the first place, and by failing to correct that sentencing error upon Huffman's request, is unpersuasive for a number of reasons. Part of Huffman's negotiated plea agreement provided that he waived any right to challenge his sentence under Indiana Appellate Rule 7(B) or Indiana Code section 35-38-1-15 (1983) (correction of an erroneous sentence). Appellant's App. at 200. "[A] defendant may waive the right to appellate review of his sentence as part of a written plea agreement." *Creech v. State*, 887 N.E.2d 73, 75 (Ind. 2008). "Absent due process concerns to the contrary, when a defendant explicitly agrees to a particular sentence or a specific method of imposition of sentences, whether or not the sentence or method is authorized by the law, he cannot later appeal such sentence on the ground that it is illegal." *Crider v. State*, 984 N.E.2d 618, 625 (Ind. 2013). Thus, it appears that Huffman has explicitly agreed to waive his right to challenge his sentence through Indiana Appellate Rule 7(B) and Indiana Code section 35-38-1-15.

4

Additionally, during the sentencing hearing, Huffman expressed his remorse for his offense and stated that he wished to help the victim with payment of her medical bills, which totaled more than $200,000. Huffman's attorney also acknowledged Huffman's responsibility to assist the victim of Huffman's crime with the payment of her medical bills. Huffman and his counsel agreed to resolve Huffman's contribution toward satisfaction of the victim's medical bills by referring the matter to the local victim offender reconciliation program. The trial court stated on the record, without objection, that the matter of restitution would be referred because there was no way to determine Huffman's ability to pay and the amount of restitution was not finalized, and solicited other options from the parties. No other options were presented and there was no challenge made to the trial court's decision.

To the extent that Huffman argues that the trial court's decision to require him to pay restitution is erroneous, his argument is precluded by the doctrine of invited error. "Under this doctrine, 'a party may not take advantage of an error that [he] commits, invites, or which is the natural consequence of [his] own neglect or misconduct.'" *Wright v. State*, 828 N.E.2d 904, 907 (Ind. 2005). After voluntarily offering and agreeing to help the victim by paying restitution for her medical bills and agreeing with the trial court's disposition, Huffman may not now take advantage of that error, if any, on appeal to achieve a reversal.

Furthermore, "[a] petition for post-conviction relief, not use of a motion to correct erroneous sentence, is the preferred procedure for presenting a sentencing error." *Funk v. State*, 714 N.E.2d 746, 748-49 (Ind. Ct. App. 1999). "[A] motion to correct erroneous

5

sentence may be used to correct those errors 'where the sentence is erroneous on its face.'" *Id*. at 749. "A facially defective sentence is one 'that violates express statutory authority *at the time* the sentence is pronounced.'" *Id*. (emphasis in original).

Huffman argues that the sentencing order is facially defective because it includes an award of restitution even though the plea agreement was silent on that matter. He claims that the trial court should have granted his motion to correct erroneous sentence in acknowledgement that the trial court was bound by the terms of the plea agreement. As previously noted, Huffman waived his right to pursue a motion to correct erroneous sentence. Nonetheless, this argument could have been, but was not, presented for review in Huffman's petition for post-conviction relief. Because the issue was available to Huffman at the time of his petition for post-conviction relief, but he failed to raise it, the issue is waived. P-C.R. 1, §8.

Further, the plea agreement stated that "[a]t the time of sentencing, the Defendant's sentence will be left to the discretion of the trial court, except for a ten (10) year cap on any executed portion." Appellant's App. at 199. The trial court complied with the terms of the plea agreement by imposing a ten-year executed sentence followed by a period of probation. "[A] trial court may order restitution as part of a defendant's sentence wholly apart from probation." *Edsall v. State*, 983 N.E.2d 200, 208 (Ind. Ct. App. 2013) (quoting *Pearson v. State*, 883 N.E.2d 770, 772-73 (Ind. 2008)). "When restitution is ordered as part of an executed sentence, an inquiry into the defendant's ability to pay is not required." *Id*. "Generally, an order of restitution is within the trial court's discretion, and it will be reversed only upon a finding of an abuse of that discretion." *Id*. The trial court's

6

imposition of a restitution obligation as part of Huffman's sentence does not violate the terms of Huffman's plea agreement.

After serving the executed portion of his sentence, Huffman began serving the probationary term of his sentence. Huffman was told on numerous occasions that he needed to begin making payments toward his restitution obligation. The local victim offender reconciliation program dissolved, but those duties were fulfilled by the Madison County Probation Department. That department determined the amount of Huffman's obligation. Huffman's probation was revoked and part of his suspended sentence was ordered to be served because Huffman failed to make regular restitution payments, having made only one payment of $20. Huffman admitted that he was aware of his obligation and did not make regular payments despite being employed such that he received a modest tax refund. We conclude that Huffman has not established grounds for reversal.

CONCLUSION

In light of the foregoing, we affirm the trial court's decision.

Affirmed.

FRIEDLANDER, J., and BROWN, J., concur.